A Superior Court jury convicted the defendant of assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A(c )(i).[2] On appeal, he claims evidence of the victim's gunshot wounds was insufficient to prove the victim sustained "serious bodily injury." We affirm.
Background. We summarize the relevant facts in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). In the early morning hours of November 1, 2013, the defendant fired a handgun at the victim several times. One round pierced the victim's abdomen. The victim was transported to the hospital and diagnosed with two gunshot wounds (abdomen and back) and anemia from blood loss.
During emergency surgery, doctors discovered a through-and-through laceration to the liver. The surgeon "packed" this wound to the liver. The victim was discharged from the hospital six days later. At the time of trial (just over two years after the shooting), the victim had scars at the locations of each gunshot wound.
Discussion. We review this evidence to determine whether "any rational trier of fact could have found [serious bodily injury] beyond a reasonable doubt." Commonwealth v. Scott, 464 Mass. 355, 360 (2013) (emphasis supplied), quoting from Latimore, supra at 677. There are "three distinct routes for establishing serious bodily injury. The Commonwealth may prove that a defendant caused bodily injury that resulted either in (1) a permanent disfigurement; (2) ... impairment of ... [an] organ; or (3) a substantial risk of death." Scott, supra at 357.[3] Here, the judge instructed the jury on the first and second forms of serious bodily injury. Because the jury returned a general verdict, the parties agree that the evidence must have been sufficient to sustain a conviction under either theory. See Commonwealth v. Gonzalez, 452 Mass. 142, 146 (2008). For the reasons that follow, we conclude that it was.
1. Impairment of an organ. "An impairment of an organ ... occurs when damage to the structure of the organ is significant enough to compromise its ability to perform its function in the victim's body." Scott, supra at 359. The defendant claims that the victim's hospital records-the sole evidence of the damage to his liver-were insufficient to establish impairment of an organ without expert interpretation. See id. at 360-364. We disagree.
It is true that "[m]edical records containing technical terminology that require jurors to speculate on the meaning of key terms [are] insufficient, without more," to prove impairment of an organ. Id. at 364. Unlike in Scott, however, the records of the victim's injury in this case did not require expert interpretation.[4] They included "information that was within the ordinary, common experience of a reasonable juror," ibid., from which a juror could reasonably infer the following: (1) a bullet had perforated the victim's liver, and in fact passed entirely through it; (2) as a result of this gunshot wound, the victim lost enough blood to induce anemia and necessitate emergency surgery; (3) the injury to the liver required direct medical intervention; and (4) the victim spent six days in the hospital after surgery. Viewing this evidence in the light most favorable to the Commonwealth, a reasonable juror could conclude that the bullet hole through the victim's liver compromised its function. See id. at 359.
2. Permanent disfigurement. At trial, the victim testified that he still had scars at the locations of the bullet wounds. The defendant argues that this testimony alone was not sufficient to prove permanent disfigurement. We disagree. "Disfigure" is commonly defined as "mak[ing something] less complete, perfect, or beautiful in appearance or character." Webster's Third New International Dictionary 649 (1993). When viewed in the light most favorable to the Commonwealth, the victim's testimony that he had visible scars on his torso over two years after he sustained the bullet wounds allowed a reasonable inference that he had been permanently disfigured beyond a reasonable doubt.
Judgment affirmed.

The defendant was also found guilty of possession of a firearm with a defaced identification number while in the commission of a felony, G. L. c. 269, § 11B ; possession of a firearm without a firearm identification card, G. L. c. 269, § 10(h ) ; and witness intimidation, G. L. c. 268, § 13B. This appeal does not concern those convictions.

Although Scott interprets the term "serious bodily injury" in the context of a different statute, G. L. c. 265, § 13A(b )(i), the term has a "substantially identical definition[ ]" here. Commonwealth v. Jean-Pierre, 65 Mass. App. Ct. 162, 164 (2005).

In Scott, supra at 363, medical records showed only an untreated "grade II" laceration of the liver after blunt force trauma, leaving the jury to speculate as to the cause of the injury and its severity. Here, where the evidence showed a bullet hole through the liver requiring emergency surgery to repair the organ, there was no need to speculate.